## Case No. 4,109a.

### DUBOIS v. The T. B. ABEEL.

[Betts' Scr. Bk. 265.]

District Court, S. D. New York. 1832.

COLLISION IN EAST RIVER—SAILING VESSELS—LOOKOUT.

[A sloop, proceeding to a dock in the East river with a jib only, according to the usual course of navigation at that place, with crew and lookout properly stationed, was run into by a schooner sailing free fully manned, and with plenty of sea room. It did not appear that the schooner had a proper lookout, or that the sloop was guilty of anything leading or contributing to the injury. *Held*, that the schooner was in fault, and liable for the damage sustained by the sloop.]

[This was a libel by William T. Dubois against the schooner T. B. Abeel for injuries sustained by collision.]

Before BETTS, District Judge.

Points ruled in the opinion of the court: (1) The sloop of the libellant had lowered her mainsail in the East river, with intent to come into dock near Maiden Lane. When from 50 to 90 yards from the pier, not perceiving room to enter the pier, she wore round on her jib, and headed across the river. (2) The wind was east of north, and the tide ebb, erroneously charged in the libel to have been flood. (3) The movement of the sloop, whether to get an offing and come back for a berth, or to anchor off, was according to the usual navigation at the place, and prudently and properly conducted of itself, and the crew were properly stationed to navigate her and keep a lookout. (4) The schooner T B. Abeel, coming down the East river from the Sound, with the wind free and on the tide, was running parallel to the piers, and about the same distance from them as the sloop, and, after the sloop had come round, was from 100 to 200 yards above her. She was fully manned, but gives no proof that she had a lookout properly stationed forward. (5) The sloop was running very slowly through the water, and at the time of the collision had run out to the eddy 90 to 100 yards from shore, and touched the tide channel. (6) The schooner, after both vessels were noticed, was at no time further off the docks than the sloop, and the schooner, in crossing the river, was not running into the track the sloop was holding when they came to a situation to see each other. (7) There was no time, after the two vessels were within 200 yards of each other, that there was not sufficient sea room for the schooner to have gone inside or outside of the sloop. (8) The sloop was guilty of no wrong movement, after she came round and stood across the river, which tended to impede or mislead the schooner, or which contributed to produce the collision. (9) The schooner running upon a free and fresh wind, at right angles to the sloop, which was under a jib sail only, had the power, if used in time, and was in law bound, to avoid the sloop. This is the decided weight of the evidence, although, in a case depending in some measure upon the opinions and estimates of witnesses, there is, as might be expected, great discordance in the statements of the witnesses. (10) The facts so found cast the blame and responsibility on the schooner, and a decree must, therefore, be entered condemning her for the damage, with an order of reference to a commissioner to compute the amount.